**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA    )
                               )
          v.                )     1:08-cr-13-SJM-2
                               )
JOSEPH MICHAEL GUESS    )

# O R D E R

AND NOW, *to wit*, this 29th day of May, 2009, the Defendant having filed on September 23, 2008 a motion [43] for a hearing to determine the Defendant's competency, and the Court having held said hearing on April 3, 2009, and the transcript [99] of said hearing have been filed on April 20, 2009, and the parties having filed their respective proposed findings of fact and conclusions of law ([104] and [105]) on May 21, 2009,

IT IS HEREBY ORDERED that the period of time from September 23, 2008 through May 21, 2009 is excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) (excluding from the Speedy Trial calculus periods of delay resulting from any proceeding to determine the mental competency or physical capacity of the defendant). Alternatively, IT IS ORDERED that this period of time is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D) (pertaining to delays resulting from any pretrial motions concerning the defendant). *See Henderson v. United States*, 476 U.S. 321, 326-331 (1986) (18 U.S.C. § 3161(h)(1)(F), the predecessor provision to § 3161(h)(1)(D), excludes all time between the filing of the pretrial motion and the hearing thereon, as well as all time following the hearing during which the court awaits the filing of additional materials by the parties that are needed for proper disposition of the motion). *See also United States v. Mora*, 135 F.3d 1351, 1355 n.2 (10th Cir. 1998) (excludable time under § 3161(h)(1)(F) may include the time during which the court awaits the preparation of

the transcript, if such is necessary for the proper disposition of the motion); *United States v. Blankenship*, 67 F.3d 673, 676-77 (8th Cir. 1995) (same).[1]

s/   <u>Sean J. McLaughlin</u>

SEAN J. McLAUGHLIN
United States District Judge

cm:   All counsel of record.

---

[1] Pursuant to this Court's plan for prompt disposition of criminal cases, hearings on motions are typically scheduled within twenty (20) days from the date that reply papers concerning the motion are due, and post-hearing submissions are typically submitted within ten (10) days of the day on which the hearing ends. To the extent that delay occurred in the scheduling of the competency hearing, the Court finds that such delay is independently excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), inasmuch as the hearing date was chosen to accommodate the parties' good faith scheduling conflicts as well as the reasonable needs of the witnesses. Extensions of time pursuant to § 3161(h)(7)(A) are to be liberally granted where, as here, the ends of justice served by the delay outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

In addition, any delay which occurred in connection with the parties' post-hearing submissions is likewise excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), as the delay represented additional time needed for the parties' reasonable preparation of their respective proposed findings of fact and conclusions of law. Specifically, the delay was attributable, in part, to the period of time during which the parties were awaiting receipt of the hearing transcript. The parties then needed time to review the transcript and to draft their proposed findings of fact and conclusions of law with appropriate citations to the transcript and hearing exhibits. The Court finds that, under the circumstances, the ends of justice served by these continuances outweigh the best interests of the public and the Defendant in a speedy trial.